**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | |
|---|---|
| AUGUST Image, LLC, a New York limited liability company,<br><br>     Plaintiff,<br><br>v.<br><br>Codie Sanchez; Contrarian Thinking LLC; and Does 1-10, inclusive,<br><br>     Defendants. | CASE NO.  1:26-cv-01655 |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT
AND DEMAND FOR JURY TRIAL**

Plaintiff AUGUST Image, LLC (Plaintiff), by and through their attorneys of record, complains against Defendants Codie Sanchez, Contrarian Thinking LLC and DOES 1-10, inclusive (collectively, "Defendants") as follows:

**JURISDICTION AND VENUE**

1.     This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. § 101 et seq.

2.     This Court has subject matter jurisdiction over this copyright infringement action under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a).

1

3.    Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, Defendants are incorporated in, have their principal place of business in, and regularly transact business in this judicial district.

## THE PARTIES

4.  Plaintiff is a New York limited liability company with its principal place of business in New York, New York.

5.  On information and belief, Contrarian Thinking, LLC is a Domestic Limited-Liability Company (LLC) organized under the laws of the State of Texas, with its principal place of business at 6705 W Highway 290, Ste 607, Pmb 1093, Austin, TX 78735-8408.

6.  On information and belief, Codie Sanchez is the sole principal on record and serves as General Partner, and also on information and belief lives in Austin, Texas.

7.  DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally

responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## FACTS

*Plaintiff and the Photographers*

8.      Plaintiff is an agency that represents an elite group of portrait, lifestyle, beauty & fashion photographers for editorial and commercial licensing. Plaintiff is also the exclusive licensing agent for Wesley Mann ("Mann") and Joao Caziani ("Caziani") (collectively, the "Photographers"), the artists responsible for capturing the photographs that are at issue in this action.

9.      Mann is a commercial and fine art photographer well known for his celebrity portraits, from Spike Lee to George Clooney to Goldie Hawn, and famed political portraits such as Bill Clinton and Ralph Nader and famous athletes. His work has been featured in publications such as *Fortune*, *Billboard*, and *Hollywood Reporter*.

10.     Caziani is a commercial and fine art photographer who has been published in iconic publications such as *GQ* and *Wired.* He has photographed athletes for Nike, Adidas, Gatorade, and Herbalife. He has photographed advertising campaigns for Expedia, Away, Airbnb, Beats by Dre, Lyft, Apple, Chase, Starbucks, Corona, Volkswagen, Michelob Ultra, Delta Airlines, Lay's, Square, Marriott, Fabletics, SoulCycle, Target, Uber Eats, Muscle Milk, Amazon

Prime, Verizon, American Express, HSBC, Microsoft, Electrolux, and Mazda.

*The Photographs*

11.    In 2016, Mann captured an original portrait photograph of Jeff Bezos.

12.    The Jeff Bezos photograph has been registered with the United States Copyright Office under registration number VA-2-241-980.

13.    In 2012, Caziani captured an original portrait photograph of Elon Musk.

14.    The Caziani photograph has been registered with the United States Copyright Office under Registration Numbers VA-2-337-108.

15.    As the Photographers' exclusive worldwide licensing agent, Plaintiff owns, among other things, the exclusive worldwide right to sell, syndicate, license, market or otherwise distribute the Mann and Caziani Photographs.

16.    True and correct copies of the Mann and Caziani Photographs (collectively, "Photographs") are attached hereto as **Exhibit A**.

*Defendants and Their Infringing Activity*

17.    Defendants own and operate an Instagram account with the handle @codiesanchez (the "Instagram Account"). The Instagram Account has a massive active following of more than 3.1 million users.

18.    Defendants publicly claim to have "an investment empire with more than two million fans, an empowering guide to getting rich and a call to arms to

4

save America's small businesses."

19. Defendant Sanchez is the author of a book on how to make wealth and publicly speaks and offers seminars for people to learn how to become rich.

20. By and through said Instagram Account, Defendants promote and advertise said goods and services.

21. On approximately January 7, 2026, without the authorization of—or compensation to—Plaintiff, Defendants published a story featuring the portrait photograph of Jeff Bezos captured by Mann to promote their goods and services on the Instagram Account. This reproduction also altered and modified the original work. True and correct copies of the Defendants' infringement of the Mann photograph on the Instagram Account are included in **Exhibit B**.

22. On approximately March 2, 2026, without the authorization of—or compensation to—Plaintiff, Defendants published a story featuring the portrait photograph of Elon Musk captured by Caziani to promote their goods and services on the Instagram Account. This reproduction also altered and modified the original work. True and correct copies of the Defendants' infringement of the Caziani photograph on the Instagram Account are included in **Exhibit C**.

23. Codie Sanchez' personal participation in the unauthorized publication of the Photographs is undeniable. Indeed, the profile page of the Instagram Account is literally listed in the name of "Codie Sanchez," as indicated on each

screen capture of the infringements, as shown in **Exhibits B and C**.

24. Thus, without authorization of or compensation to Plaintiff (or credit or attribution to the authors), Defendants modified and altered, reproduced, distributed, and publicly displayed unauthorized copies of the Photographs and/or derivatives thereof in their advertising published on their Instagram Account, thereby infringing Plaintiff's exclusive rights to reproduction, derivatization, distribution, and public display of the Photographs and/or derivatives thereof.

25. Defendants publicly displayed, distributed, modified/altered, and reproduced the Photographs for blatantly commercial purposes and induced third parties to do the same, exploiting the Photographs of Jeff Bezos and Elon Musk to showcase the benefits of their financial services offerings and book and induce consumers to choose Defendants' services and products over those of competitors.

26. Defendants have been able to garner significant attention for their services by featuring the Photographs of the two wealthiest men on the planet in their advertising on their Instagram Account. The Photographs, each a unique work in and of itself, depict iconic public business moguls and figures in stylish and captivating angles, light and poses, thereby paying an important role in Defendants' marketing and promotional efforts intended to convince prospective customers to choose their services over those offered by competitors. Among other things, this attention, a direct consequence of the infringement, has translated into

substantial ill-gotten commercial advantage and revenue for Defendants.

27.    Defendants' acts of infringement are willful because, inter alia, Defendants are sophisticated, for-profit parties with financial motivations and full knowledge of the strictures of federal copyright law and the basic requirements for licensing copyrighted content.

28.    For example, Defendant Sanchez has published a book that claims copyright interest in her work to her personal LLC, has registered the copyright with the United States Copyright Office, and expressly claims and enforces copyright protection over her website www.codiesanchez.com where she places strict limits on any third party's uses of her website content, including her own photographs, in commerce.

29.    Indeed, in her book, Defendant reproduces images that belong to others, by way of proper licenses on information and belief, and credits those authors of those illustrations and images, thereby demonstrating a deep fluency in the need to clear licenses for the commercial use of others' images. At all relevant times, therefore, Defendants clearly knew of the need for proper licensing of the Photographs. But Defendants never once sought a license to modify Plaintiff's works or to publicly use them in advertising and instead ignored those basic legal strictures and just took and infringed the Photographs.

30.    Indeed, further evidencing Defendants' willfulness, Defendants

ignored Plaintiff's repeated efforts at resolving this matter without litigation. Specifically, Plaintiff's representative reached out to Defendants on at least January 8, 2026, and were ignored, and again on January 15, 2026 regarding the infringement of the Bezos Photograph, put Defendants on notice that they were infringing Plaintiff's rights in the Photograph and sought to explore an amicable resolution.

31. Defendants never even replied to the emails.

32. Not only were these efforts rebuffed, but Defendants doubled down on their illicit conduct by continuing to infringe Plaintiff's works, unlawfully misappropriating Plaintiff's Musk Photograph on or about March 2, 2026. As such, Plaintiff has been left with no choice to file this suit in order to protect its basic intellectual property rights.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501, Against All Defendants)

33. Plaintiff incorporates here by reference the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

34. Plaintiff is the owner of exclusive rights in and to the Photographs, which substantially consists of material wholly original with Plaintiff and which is copyright subject matter under the laws of the United States.

35. Plaintiff has complied in all respects with the Copyright Act and all of

8

the laws of the United States governing copyrights, and the Photographs are registered with the United States Copyright Office. True and correct copies of the Defendants' copyright registrations are included in **Exhibit D.**

36.     Defendants have reproduced, adapted, distributed, and publicly displayed unauthorized copies of the Photographs. Such acts constitute infringement of Plaintiff's exclusive rights under copyright law pursuant to 17 U.S.C. §§ 106 & 501. In addition, Defendants, without the permission or consent of Plaintiff, have knowingly encouraged, induced, materially contributed to, and/or facilitated the unauthorized reproduction, adaptation, distribution, and public display of unauthorized copies of the Photographs, and have the right and ability to stop or limit the infringement and a direct financial interest in such infringing activities. Defendants have therefore directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe his copyrights by reproducing, displaying, distributing, creating derivative works, and utilizing the Photographs for purposes of trade violation of 17 U.S.C. § 501 *et seq*.

37.     Defendants' acts of infringement are willful because, *inter alia*, Defendants are sophisticated parties with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation.

38.     Defendants, despite such knowledge, willfully reproduced, displayed

distributed, created derivative works of, and utilized the Photographs.

39.    Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution, and utilization of the Photographs for purposes of trade, including by increased traffic to their commercial websites and social media pages.

40.    All of Defendants' acts are and were performed without permission, license, or consent.

41.    Each of the Defendants directly, individually, and personally performed the acts alleged herein, and also did so jointly and in concert with one another, or as an agent or alter ego of the other. Accordingly, each of the Defendants are liable for all of the acts alleged herein because they were the cause in fact and proximate cause of all injuries Plaintiff has suffered.

42.    The infringement of Plaintiff's rights in each of the respective Photographs constitutes a separate and distinct act of infringement.

43.    The said wrongful acts of Defendants have caused, and are causing, great injury, which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, it will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Plaintiff seeks a declaration that Defendants are infringing the copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement

of the copyrights.

44.    As a result of the acts of Defendants alleged herein, Plaintiff has suffered and is suffering substantial damage to its business in the form of loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1.    For an order permanently enjoining Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or engaging in any other form of dealing or transaction in, any and all products and services (including advertising and promotional materials, print media, signs, internet web sites, or any other media related thereto), either now known or hereafter devised, that infringe, contributorily infringe, vicariously infringe, or induce infringement of the Photographs;

2.    For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement and to reimburse Plaintiff for all damages suffered by Plaintiff's by reasons of Defendants' acts, under 17 U.S.C. §§ 504 (a)(1) & (b);

11

3.     For an accounting of all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringe upon Plaintiff's copyrights under 17 U.S.C. §§ 504 (a)(1) & (b);

4.     For statutory damages for (willful) infringement under 17 U.S.C. §§ 504(a)(2) & (c);

5.     For costs and interest under 17 U.S.C. §§ 504 (a)(1) & (b) and 17 U.S.C. § 505;

6.     For reasonable attorneys' fees incurred herein under 17 U.S.C. § 505; and

7.     For any such other and further relief as the Court may deem just and appropriate.

Dated:  June 16, 2026

By:  /s/ John Tehranian
John Tehranian (CA Bar No. 200767)
*Admitted to USDC-TXWD 09/26/2019*
Email: jtehranian@onellp.com
Peter Afrasiabi (CA Bar No. 193336)
*Court Admission Pending*
Email: pafrasiabi@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated:  June 16, 2026         By: /s/ John Tehranian

                                       John Tehranian (CA Bar No. 200767)
*Admitted to USDC-TXWD 09/26/2019*
Email: jtehranian@onellp.com
Peter Afrasiabi (CA Bar No. 193336)
*Court Admission Pending*
Email: pafrasiabi@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081
Attorneys for Plaintiff